UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GREGORY ARRIGONI,<br>　　Plaintiff,<br><br>　　v.<br><br>COREY BONCZYNSKI, *et al.*<br>　　Defendants. | )<br>)<br>)<br>)　CAUSE NO.: 3:24-CV-977-DRL-JEM<br>)<br>)<br>)<br>) |
| KERYS A. DAVIES,<br>　　Plaintiff,<br><br>　　v.<br><br>MAGNA SEATING OF AMERICA INC., *et al.*<br>　　Defendants. | )<br>)<br>)<br>)<br>)　CAUSE NO.: 3:25-CV-540-CCB-SJF<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Consolidate Actions [DE 29] filed by Defendants Corey Bonczynski and Whippet Incorporated d/b/a/ Whippet Express ("Whippet") on September 26, 2025, in Cause No. 3:24-CV-977 (the "-977 case"), seeking to consolidate this matter with another case arising out of the same automobile incident, Cause No. 3:25-CV-540 (the "-540 case"). Responses were filed on October 10 and 22, 2025. No reply was filed, and the time in which to do so has passed.

**I.　　BACKGROUND**

Gregory Arrigoni initiated the -977 case on November 8, 2024, bringing a negligence claim against Corey Bonczynski and Whippet; a negligent hiring, training, supervising, and entrustment claim against Whippet; and an underinsured motorist claim against State Farm Mutual Automobile Insurance Company ("State Farm"). The event giving rise to these claims is an April 22, 2024, vehicle collision between a truck driven by Bonczynski on behalf of Whippet and a van in which

1

Arrigoni was a passenger. At the time of the collision, Arrigoni was insured by State Farm. The Court issued a scheduling order on January 9, 2025, with the anticipated close of discovery on February 12, 2026.

Kerys A. Davis initiated the -540 case on June 24, 2025, bringing negligence and vicarious liability claims against Bonczynski and Whippet; a Indiana products liability claim against FCA US, LLC d/b/a Stellantis North America ("FCA US") and Magna Seating of America, Inc. ("MSAI"); and a claim for punitive damages against FCA US and MSAI. These claims also arise out of the same truck-van collision as Arrigoni's claims, and Davis was a passenger in the same van as Arrigoni. Defendants have all filed answers in this case, but discovery has not commenced. A question has been raised whether there is diversity of parties in the -540 case sufficient for subject matter jurisdiction to lie in federal court, but that question turns on the plaintiff and a defendant being citizens of the same foreign country. The Seventh Circuit Court of Appeals has found that diversity jurisdiction is not destroyed by parties of the same foreign country being on opposite sides of litigation, *Tango Music, LLC v. DeadQuick Music, Inc.*, 348 F.3d 244, 245 (7th Cir. 2003), so the Court considers the instant motion to be ready for ruling.

State Farm opposes the motion to consolidate. Davies supports consolidation only for the limited purpose of discovery with respect to the negligence claims filed in both cases. No other parties have filed briefs regarding the request for consolidation.[1]

**II.    ANALYSIS**

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). Consolidation is appropriate for "cases that share the same questions of law or fact and where

---

[1] Bonczynski and Whippet indicate that Arrigoni objects to the motion, FCA US does not object, and MSAI did not share its position with movants before the motion was filed.

consolidation would not result in prejudice to any party." *Back v. Bayh*, 933 F. Supp. 738, 748 (N.D. Ind. 1996) (citing *Fleishman v. Prudential-Bache Sec.*, 103 F.R.D. 623, 624 (E.D. Wis. 1984)). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018). Courts "consider such factors as judicial economy, avoiding delay, and avoiding inconsistent or conflicting results" as well as "the possibility of juror confusion or administrative difficulties." *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 390, 394 (E.D. Wis. 2008).

The factors supporting consolidation are judicial economy and avoiding inconsistent or conflicting results. Here, the two cases arise out of the same event. It is possible that, should both cases proceed to jury trial, separate juries would assign fault for the collision in conflicting ways. A consolidated trial, when compared to separate trials, would address this concern while also being a more efficient use of the Court's resources. Bonczynski and Whippet would benefit from consolidation from not needing to sit for depositions in both cases.

The factors opposing consolidation are delay, and the increased cost of discovery due to unrelated claims. Discovery has been ongoing in the -977 case for several months, and it has not yet begun in the -540 case. The -540 case will require discovery, potentially involving multiple expert witnesses, regarding products liability claims that are not present in the -977 case. Davies indicates that she anticipates trial of her claims to focus on the product liability claims. The non-moving parties of the -977 case would be burdened by the inclusion of this expert discovery in their case.

Given the different stages of the cases and the amount and types of discovery each case will require, the Court finds that full consolidation of the cases is not warranted. The Court does

find, however, that consolidation for the limited purpose of conducting the depositions of Bonczynski and Whippet is appropriate.

### III.   CONCLUSION

Therefore, the Court **GRANTS for relief different than requested** the Motion to Consolidate Actions [DE 29] and **ORDERS** consolidation of cause numbers 3:24-CV-977 and 3:25-CV-540 **for the purpose of taking the depositions of Bonczynski and Whippet only**. The Court **INSTRUCTS** the parties to make all filings related to these depositions **UNDER BOTH CAUSE NUMBERS** until the close of discovery.

SO ORDERED this 17th day of November, 2025.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:   All counsel of record